UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| AMETH A. AYARZA, | CASE NO. **2:20-cv-14** |
| *Plaintiff,* | |
| -vs- | |
| UNITED STATES OF AMERICA, ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, L.L.C., d/b/a ENTREPRISE RENT-A-CAR, AND | **COMPLAINT** |
| JOE NICHOLAS REYES a/k/a NICHOLAS JOE REYES | **JURY DEMAND** |
| *Defendants.* | |

1. Plaintiff Ameth A. Ayarza, ("Plaintiff") brings this complaint against the UNITED STATES OF AMERICA, ("Defendant USA"), ENTERPRISE HOLDINGS, INC., ("ENTERPRISE HOLDINGS"), EAN HOLDINGS, L.L.C., d/b/a ENTERPRISE RENT-A-CAR, ("ENTERPRISE RENT-A-CAR") and JOE NICHOLAS REYES a/k/a NICHOLAS JOE REYES, ("DEFENDANT REYES"). Plaintiff brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b).

2. Plaintiff has presented his claims to the appropriate federal agency for administrative settlement under the FTCA. Over six (6) months has elapsed and the Defendant USA has not responded to Plaintiff's claims.

## VENUE AND JURISDICTION

3. Venue is proper in this district pursuant to 28 U.S.C. §1402(b).

4. This Court has jurisdiction over this claim against the Defendant USA for money damages pursuant to 28 U.S.C. §1346(b)(1). The Court has subject matter jurisdiction over the claims against all other Defendants pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiff AYARZA is a citizen and resident of Maverick County, Texas. He brings his individual claims for personal injury damages sustained in the subject crash.

6. Defendant REYES, is a citizen and resident of Burleson, Texas. Defendant REYES may be served at the following address: 6909 Shady Hills Ln., Burleson, Texas 76028. Because Defendant REYES is a citizen of Texas he is "at home" in Texas and is subject to general personal jurisdiction in a federal district court in Texas.

7. Defendant ENTERPRISE RENT-A-CAR is Delaware corporation with its principal place of business located at 600 Corporate Park Dr., St. Louis, MO 63105. This Defendant may be served by serving its Texas registered agent for service of process: CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. This Court has specific personal jurisdiction over Defendant Enterprise Rent-a-Car because it has purposefully availed itself of the benefits and privileges of conducting business in Texas and because the claims made against Enterprise Rent-a-Car in this lawsuit arise foreseeably from the purposeful direction of those activities to Texas. More specifically, Enterprise Rent-a-Car was engaged in and conducting business activities in the State of Texas. It maintains places of business in Texas and employs citizens of Texas to engage in commercial transactions to further its business interests in Texas. It intentionally solicited business in Texas from residents of Texas, including Defendants USA and Reyes in this lawsuit and consummated a specific business transaction with those

Defendants -- the commercial rental of a vehicle to Defendant USA -- in Texas. Defendant Enterprise Rent-a-Car anticipated that it would derive revenue and profit from that transactions and others from which it directly seeks the benefits of conducting business in Texas. The claims made in this lawsuit arise directly from the purposeful direction of those activities to Texas; it was foreseeable to Enterprise Rent-a-Car that the purposeful direction of those commercial activities to Texas could result in a lawsuit in Texas. In particular, by engaging in commercial rentals of vehicles in Texas, Enterprise Rent-a-Car assumed duties of ordinary care relative to other drivers in Texas in leasing the vehicle. The exercise of personal jurisdiction over Defendant Enterprise Rent-a-Car is consistent with due process and with the Texas Long-Arm Statute, and does not offend traditional notions of fair play and substantial justice.

8. Defendant ENTERPRISE HOLDINGS is a Missouri corporation with its principal place of business located at 600 Corporate Park Dr., St. Louis, MO 63105. This Defendant may be served by serving its Texas registered agent for service of process: CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. This Court has specific personal jurisdiction over Defendant Enterprise Holdings because it has purposefully availed itself of the benefits and privileges of conducting business in Texas and because the claims made against Enterprise Holdings in this lawsuit arise foreseeably from the purposeful direction of those activities to Texas. More specifically, Enterprise Holdings was engaged in and conducting business activities in the State of Texas. It intentionally solicited business in Texas from residents of Texas, including Defendants USA and Reyes in this lawsuit and consummated a specific business transaction with those Defendants -- the commercial rental of a vehicle to Defendant USA -- in Texas. Defendant Enterprise Holdings anticipated that it would derive revenue and profit from that transactions and others from which it directly seeks the

benefits of conducting business in Texas. The claims made in this lawsuit arise directly from the purposeful direction of those activities to Texas; it was foreseeable to Enterprise Holdings that the purposeful direction of those commercial activities to Texas could result in a lawsuit in Texas. In particular, by engaging in commercial rentals of vehicles in Texas, Enterprise Holdings assumed duties of ordinary care relative to other drivers in Texas in leasing the vehicle. The exercise of personal jurisdiction over Defendant Enterprise Holdings is consistent with due process and with the Texas Long Arm Statute, and does not offend traditional notions of fair play and substantial justice.

### FACTUAL ALLEGATIONS

9. On July 28, 2018, at approximately 1:13 p.m., Plaintiff AMETH A. AYARZA, ("Plaintiff Ayarza") was traveling south by the 2000 block of N. Veterans Boulevard in Eagle Pass, Texas. At the same time, Joe Nicholas Reyes ("Defendant Reyes") was exiting left from a private driveway, trying to enter N. Veterans Boulevard. He was operating a rented 2018 Ford Transit Van.

10. According to Eagle Pass Police Department investigating officer Aaron Gonzalez, while in the process of turning left, Defendant Reyes struck the vehicle that Plaintiff Ayarza was operating. Officer Gonzalez determined that the only contributing factor to this crash was Defendant Reyes' failure to yield the right of way to Plaintiff Ayarza.

11. Plaintiff Ayarza sustained injuries as a result of the crash in question.

12. Based upon information and belief, Defendant Enterprise Rent-a-Car and Defendant Enterprise Holdings rented the subject 2018 Ford Transit Van to Defendant USA.

13.     Based upon information and belief, Defendant Reyes was a soldier with the Texas National Guard under Title 32 orders at the time of the subject crash.

### FIRST CAUSE OF ACTION

14.     Defendant Reyes committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

15.     Defendant Reyes owed Plaintiff a duty to exercise ordinary care. Defendant Reyes' acts or omission of negligence include, without limitation, one or more of the following:

    (a)     Failing to safely operate the subject vehicle;

    (b)     Failing to maintain a proper lookout;

    (c)     Failing to pay attention to attendant traffic and driving conditions; and,

    (d)     Failing to yield the right of way to Plaintiff Ayarza at the time of the subject crash.

### SECOND CAUSE OF ACTION

16.     Defendants Enterprise Rent-a-Car and Enterprise Holdings committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff Ayarza's damages.

17.     Defendants Enterprise Rent-a-Car and Enterprise Holdings owed Plaintiff Ayarza a duty to exercise ordinary care. Defendants EAN Holdings and Enterprise Holdings' acts or omission of negligence include, without limitation, one or more of the following:

    (a)     Renting the subject vehicle to a reckless driver; and,

    (b)     Renting the subject vehicle to an incompetent driver.

18. At the time of the subject crash, Defendants Enterprise Rent-a-Car and Enterprise Holdings owned the subject vehicle. Defendants Enterprise Rent-a-Car and Enterprise Holdings entrusted the subject vehicle in question to an incompetent or reckless driver. Defendant Defendants Enterprise Rent-a-Car and Enterprise Holdings, knew or should have known that Defendant Reyes was an incompetent or reckless driver at the time of the subject crash.

### THIRD CAUSE OF ACTION

19. Defendant USA committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

20. Defendant USA owed Plaintiff a duty to exercise ordinary care. Defendant USA's acts or omission of negligence include, without limitation, one or more of the following:

(a) Allowing a reckless driver to operate the subject van;

(b) Allowing a reckless driver to rent the subject van;

(c) Failing to properly supervise Defendant Reyes as he operated the subject van;

(d) Failing to properly train Defendant Reyes in the operation of the subject van; and,

(e) Negligently entrusting the subject van to Defendant Reyes.

### DAMAGES

21. As a result of the subject crash, Plaintiff Ayarza has suffered in the past, and will likely suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses.

22. Defendants Reyes, Enterprise Rent-a-Car, and Enterprise Holdings are liable for these actions and omissions and liable for Plaintiff's damages.

23. Under the Federal Tort Claims Act, the Defendant United States of America is liable for these actions and omissions and liable for Plaintiff's damages.

### PRAYER FOR RELIEF

24. Plaintiff requests judgment against all Defendants for compensatory damages, prejudgment and post-judgment interest. Plaintiff also prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury and such other relief that the Court deems proper and just.

Respectfully Submitted,

**WATTS GUERRA, LLP**
4 Dominion Dr. Bldg. 3, Ste. 100
San Antonio, Texas 78257
210.447.0500 Telephone
210.447.0501 Facsimile

By: *[signature]*

FRANCISCO GUERRA, IV
State Bar No. 00796684
fguerra@wattsguerra.com

JOSE G. "JOEY" GONZALEZ, JR.
State Bar No. 24007247
jgonzalez@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**